This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                            **No. A-1-CA-36693**

**ALEX DURAN,**

     Defendant-Appellant

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Offices of Adrianne R. Turner
Adrianne R. Turner
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Alex Duran appeals from the district court's judgment and partially suspended sentence, which reflects his conviction of one count of trafficking a

controlled substance (methamphetamine) (by distribution). [RP 159] We previously entered a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We are unpersuaded and therefore affirm.

{2}     On appeal, Defendant raised a single issue, challenging the sufficiency of the evidence to support his conviction. [DS 4] Our notice set forth the relevant facts and the law that we believed controlled. We proposed to hold that the following evidence supported Defendant's conviction: (1) Otero County Sheriff's Deputy Matt Mirabal's testimony that he arranged, through a confidential informant, to make a purchase from Defendant, (2) Deputy Mirabal's testimony that he did, in fact, purchase approximately eighty-dollars worth of methamphetamine from Defendant, and (3) the stipulation between the State and Defendant that the substance was .09 grams of methamphetamine. *See, e.g., State v. Rael*, 1999-NMCA-068, ¶ 27, 127 N.M. 347, 981 P.2d 280 (concluding that officer testimony that he purchased narcotics from the defendant constituted sufficient evidence to support a conviction for trafficking a controlled substance).

{3}     In response, Defendant continues to argue that there was insufficient evidence because of a lack of supporting evidence to corroborate Deputy Mirabal's testimony. [MIO 3-4] We disagree. *See generally State v. Soliz*, 1969-NMCA-043, ¶8, 80 N.M.

297, 454 P.2d 779 ("As a general rule, the testimony of a single witness is sufficient evidence for a conviction.). This is simply an argument directed at the credibility of the officer's testimony. However, as we pointed out in the calendar notice, the fact-finder is the judge of credibility, and this Court will not reweigh evidence. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." (alterations, internal quotation marks, and citation omitted)).

{4}     In sum, Defendant's MIO does not supply any new legal or factual argument that persuades us that our analysis or proposed disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons set forth in our notice of proposed summary disposition and in this opinion, we affirm.

{5}     **IT IS SO ORDERED.**

_____

                        **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**EMIL J. KIEHNE, Judge**